# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFF LLOYD SMITH,

        Plaintiff,

v.

                                                                             Case No. 17-1114-JTM

CITY OF WICHITA, KANSAS,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff Jeff Lloyd Smith originally filed this action in the District Court of Sedgwick County, Kansas, against defendants City of Wichita, Kansas ("City") and Wichita Police Department Police Chief Nelson Mosley ("Chief Mosley").[1] Plaintiff alleges that two Wichita Police Department ("WPD") officers engaged in conduct that "amounted to excessive, indiscriminate, unreasonable, inhumane and unlawful use of force." (Dkt. 1-1, at 3). Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441, 1446, and D. Kan. Rule 81.1 under federal question jurisdiction, 28 U.S.C. § 1331. This matter is before the court on plaintiff's motion for remand claiming this court lacks subject matter jurisdiction (Dkt. 4). For the reasons provided below, the court denies plaintiff's motion.

    **I.**     **Factual Background**

On May 4, 2015, plaintiff was riding in the passenger seat in a vehicle driven by another individual known as "Skip." A police cruiser drove past Skip's vehicle in the

---

[1] Plaintiff's claims against Chief Mosley were dismissed without prejudice by agreement of the parties. (Dkt. 13).

opposite direction. The cruiser turned around and began to follow Skip's vehicle. Skip accelerated to an excessive rate attempting to elude the police. Plaintiff repeatedly asked Skip to stop. Skip eventually pulled into a warehouse area and jumped from the car, but the car continued to roll forward. Plaintiff tried to stop the car by throwing his left leg over the console to apply the brakes, however, plaintiff's seat belt was fastened and he remained in the passenger seat while trying to stop the vehicle.

Two unknown WPD officers ran to the vehicle with their firearms drawn, and shot at plaintiff. Plaintiff suffered multiple gunshot wounds. The WPD officers then pulled plaintiff from the passenger seat, across the driver's seat, and out of the car. The WPD officers pummeled plaintiff and handcuffed him. Plaintiff, who was unarmed and alleges he committed no criminal offense, suffered permanent, life altering physical injuries as a result of the WPD officers' conduct.

**II.   Legal Standards**

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 908, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)). A federal court has jurisdiction over a claim if it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Civil actions filed in state courts over which federal district courts have original jurisdiction "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The well-pleaded complaint rule usually governs whether a claim arises under federal law. *Sharp v. Wellmark, Inc.*, 744 F. Supp. 2d 1191, 1194 (D. Kan. 2010). "The rule makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Even if a well-pleaded complaint does not specifically seek relief under federal law, removal may still be proper under the substantial-federal-question doctrine. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). This doctrine applies when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

The party claiming jurisdiction has the burden to show jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003). There is a presumption against finding federal jurisdiction, until the party invoking it makes an adequate showing. *Id.* at 1194. "Doubtful cases must be resolved in favor of remand." *Colbert v. Union Pac. R. R. Co.*, 485 F. Supp. 2d 1236, 1239 (D. Kan. 2007) (quoting *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999)).

**III.     Plaintiff's claims**

In his state petition, plaintiff claims that the WPD officers were acting in their official capacity and under color of law when they stopped Skip's vehicle and shot and injured plaintiff. Plaintiff asserts that the shooting was an immediate arrest without

probable cause, thereby violating his Fourth and Fourteenth Amendment right to be free of unreasonable seizures. He also claims that the shooting was cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff claims that defendant is vicariously liable for Chief Mosley's and the WPD officers' negligence under the doctrine of respondeat superior and/or other doctrines recognized by law because the WPD officers used force that was reckless, careless, and grossly negligent in violation of WPD policies/regulations. Plaintiff also alleges that defendant is negligent for the hiring and retention of Chief Mosley and the two WPD officers who shot and injured him. Plaintiff seeks actual and exemplary damages and costs pursuant to the Kansas Tort Claims Act ("KTCA"), Kan. Stat. Ann. §§ 75-6101 to 75-6115, and state common law.

## IV.   Discussion

Plaintiff claims that he did not refer to 42 U.S.C. § 1983, and asserts that his only theory of liability is negligence. Plaintiff states that he is raising a "negligence per se" claim when he was arrested without probable cause and shot by the WPD officers. (Dkt. 6, at 4). Plaintiff recognizes that he alleged the officers' conduct violated the Fourth and Eighth Amendments, but argues that these claims do not convert his case into a § 1983 case—it merely emphasizes that the violations are clearly negligent.

Defendant is correct in that the court only considers plaintiff's state petition. *See Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978) ("[I]n determining the existence of the 'federal question' jurisdiction under [28 U.S.C. § 1331(a)] justifying removability from a state court to a federal court one must look

solely at the plaintiff's complaint rather than to any subsequent pleading or the petition for removal."). Plaintiff's negligence per se claim is not in his initial pleading; consequently, it cannot be used as a basis to defeat removal. Furthermore, the presence of § 1983 claim does not foreclose relief under separate Kansas tort theories. *See, e.g., Clark v. Thomas*, 505 F. Supp. 2d 884, 887 (D. Kan. 2007) (the plaintiff alleged that the defendant police officer used excessive force in pursuing and arresting him and asserted tort claims sounding in negligence and battery as well as a § 1983 claim).

Having carefully reviewed plaintiff's petition, the court finds that removal to federal court is proper. Plaintiff's petition refers to violations of the United States Constitution—as opposed to "constitution" or "Kansas constitution" and require resolution of a substantial question of federal rights. Specifically, plaintiff alleges that he was subjected to excessive use of force and illegally seized by WPD officers in violation of the Fourth, Eighth, and Fourteenth Amendments. Plaintiff pleads that these officers were acting in their official capacity and under color of law. *See* 42 U.S.C. § 1983 ("Every person who, under color of [law] . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."). Plaintiff also requests exemplary damages from defendant, however, such recovery is not available under the KTCA. Kan. Stat. Ann. § 75-6105(c).

The court recognizes that "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law . . . . If a defendant could do so, the plaintiff

would be master of nothing." *Caterpillar Inc.*, 482 U.S. at 399. But that is not the case here. The court has reviewed several cases addressing motions to remand with similar facts, and the outcome generally hinges on whether the plaintiff cited any federal provision. *See, e.g.*, *Cevallos v. Silva*, 541 F. App'x 390, 392 (5th Cir. 2013) ("Cevallos' Original Petition does not allege any specific claim under § 1983 or a violation of the United States Constitution; thus, the allegations in Cevallos' petition were too ambiguous to establish federal question jurisdiction definitively."); *Broaden v. City of Montgomery*, No. 2:14-CV-234-WKW, 2014 WL 1572586, at *1 (M.D. Ala. Apr. 17, 2014) ("There is no reference in the Complaint to § 1983 or any other federal statute, and there is no mention of the Fourth Amendment or any other federal constitutional provision."); *LaBarbera v. Arizona*, No. CV12-1740-PHX-DGC, 2012 WL 5328653, at *2 (D. Ariz. Oct. 29, 2012) ("Plaintiff's Complaint does not refer to § 1983 or federal law."); *Shockley v. City of Waurika*, No. CIV-10-517-D, 2010 WL 3081528, at *3 (W.D. Okla. Aug. 6, 2010) ("Although Plaintiffs allege that his conduct was in violation of 'the constitution and state law,' they do not expressly cite a federal constitutional provision."); *Turner v. Rodriguez*, No. 108CV00789OWWSMSPC, 2008 WL 5046054, at *2 (E.D. Cal. Nov. 21, 2008), *report and recommendation adopted*, No. 1:08CV789-IEG(CAB), 2009 WL 33419 (E.D. Cal. Jan. 5, 2009) ("Nowhere in the complaint does plaintiff specifically refer to the Constitution, Section 1983, federal civil rights, the Eighth Amendment, or any other federal law."); *Pigott v. Ostulano*, No. CIVA 2;07CV90, 2007 WL 1448718, at *3 (E.D. Va. May 9, 2007) ("Significantly, the complaint never cites § 1983 or any other federal statute or constitutional provision.").

Unlike the cases referenced above, plaintiff claims the WPD officers violated federal constitutional rights—the Fourth Amendment right against unreasonable seizures and the Eighth Amendment right against cruel and unusual punishment. Plaintiff alleges claims that, in substance, raise a § 1983 cause of action. As such, the court has subject matter jurisdiction over these claims. Furthermore, because plaintiff's state negligence claims arise from the same controversy, the court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

IT IS THEREFORE ORDERED this 10th day of August, 2017, that plaintiff's motion for remand to state court (Dkt. 4) is DENIED.

 s/ J. Thomas Marten
J. Thomas Marten, Judge